Candace CLARKE, Plaintiff—
Appellant,

v.

MULTNOMAH COUNTY; Nancy
Winters, Defendants—
Appellees.

No. 07–35366.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 10, 2008.*

Filed Dec. 16, 2008.

———

Elizabeth Farrell, Esq., Elizabeth Farrell Oberlin, Attorney at Law, Hillsboro, OR, for Plaintiff–Appellant.

Kathryn A. Short, Esq., Office of Multnomah County Attorneys, Portland, OR, for Defendants–Appellees.

Before: O'SCANNLAIN, GRABER and BYBEE, Circuit Judges.

MEMORANDUM **

Candace Clarke appeals from the district court's order of summary judgment on her claims under the Oregon whistleblowing protection statute, Or.Rev.Stat. § 659A.203, which forbids public employers from terminating employees in retaliation for making certain disclosures. Clarke argues that the district court erred by determining that she failed to make any "disclosures" necessary to sustain her claims under the statute. We affirm.

The facts and procedural history of this case are familiar to the parties, and we do not repeat them here. We review the district court's grant of summary judgment de novo. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir.2001) (en banc).

The Oregon whistleblowing protection statute, Or.Rev.Stat. § 659A.203, forbids a

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

public employer from "[p]rohibit[ing] any employee from disclosing, or tak[ing] or threaten[ing] to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of," among other things, "[a] violation of any federal or state law" or "[m]ismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the state, agency or political subdivision." Oregon courts have not had the occasion to consider whether a person can make a disclosure of information that is already publicly known.

The plain language of the Oregon statute, however, confirms that merely reporting publicly available information does not constitute a protected "disclosure." Dictionaries confirm that one cannot "disclose" information that is already publicly known. *See, e.g., Black's Law Dictionary* 497 (Garner 8th ed. 2004) ("The act or process of making known *something that was previously unknown;* a revelation of facts.") (emphasis added); 4 *Oxford English Dictionary* 737 (2d ed. 1989) (" . . . To open up to the knowledge of others; to make openly known, reveal . . . ); *Webster's Ninth New Collegiate Dictionary* 360 (1984) ("[T]o expose to view . . . to make known or public."). We are confident that the Oregon courts would agree with this interpretation.

None of Clarke's alleged disclosures provided any information that was not already publicly known. The personal tax measure issue, according to Clarke, was "widely known" throughout the Mental Health and Addiction Services Division ("MHASD"), where Clarke was employed. Likewise, the Cascadia issue was brought to Clarke's attention by others at MHASD, and was apparently a recurring problem. The intensive treatment services overpay-

ment issue was also known to at least one other employee (Tom Wirshup) before Clarke became involved. Finally, the 9.1% decreased funding issue was relayed to Clarke at a "Rates and Finance" meeting by other employees. Clarke has thus failed to make a "disclosure" under section 659A.203.

The judgment is AFFIRMED.

